# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Austin Cecil,**
**Claimant Below, Petitioner**

**v.)**     **No. 24-494**     (JCN: 2023006775)
                          (ICA No. 24-ICA-53)

**Pepsi-Cola Metropolitan Bottling Co.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION


Petitioner Austin Cecil appeals the July 30, 2024, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Cecil v. Pepsi-Cola Metro. Bottling Co.*, No. 24-ICA-53, 2024 WL 3594353 (W. Va. Ct. App. Jul. 30, 2024) (memorandum decision). Respondent Pepsi-Cola Metropolitan Bottling Co. filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the January 10, 2024, order by the Board of Review, which affirmed the claim administrator's October 13, 2022, order rejecting the claim on the basis that Mr. Cecil did not suffer a compensable work injury.

On appeal, the claimant asserts that the ICA erred and was clearly wrong in affirming the Board of Review's order in that its decision is in clear violation of statutory provisions relating to the weighing of evidence. As a result, the burden of proof is based upon a material misstatement or mischaracterization of the evidentiary record. The claimant believes that the record reveals that he appropriately reported his injury to his employer, the claim administrator, and the medical provider. Although the claimant acknowledges that he mistakenly listed the wrong date on the initial Report of Injury form, he argues that the preponderance of the evidence indicates that he suffered a personal injury which occurred in the course of and as a result of his employment on September 18, 2023. Therefore, the ICA's decision should be reversed and set aside; and an order should be entered directing that the claim be held compensable with a diagnosis of lumbar disc herniation at L5-S1 with right sided radiculopathy; and additionally, temporary total disability benefits should be authorized from October 2, 2022, through March 7, 2023.

The employer counters by arguing that the preponderance of the substantial, reliable, and probative evidence of record establishes that the claimant did not sustain an injury during the course of and resulting from his employment. The employer further asserts that it is unclear from

---

[1] The petitioner is represented by counsel Gregory S. Prudich, and the respondent is represented by counsel Jeffrey B. Brannon.

the record, including the claimant's testimony, when he sustained an injury because he revised the date of the alleged injury on several occasions. Thus, the claimant failed to establish that he sustained an injury and failed to identify an actual date an alleged injury occurred. As such, the employer maintains that the substantial, reliable, and probative evidence of record supports the decision of the ICA.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: April 22, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV